IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                    CASES NO. 5:13cr32-RH

JACOB FELICIANO-FRANCISCO,

    Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Jacob Feliciano-Francisco is serving a life sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." This order denies the motion.

I

Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this,

allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Feliciano asserts he filed this motion more than 30 days after requesting relief from the warden. This order assumes he has met the exhaustion-or-30-days requirement.

II

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statements are set out in United States Sentencing Guidelines Manual § 1B1.13 (2018). An application note lists specific conditions that make a defendant eligible: a terminal illness, *see id*. at n.1(A)(i); a debilitating medical condition from which the defendant is not expected to recover that substantially diminishes the ability to provide self-care, *see id*. at n.1(A)(ii);

age 65 or greater and attendant serious deterioration of health, *see id.* at n.1(B); and family circumstances that include death or incapacitation of a child's caregiver or incapacitation of a spouse, *see id.* at n.1(C). The note also has a catchall provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n.1(D).

### III

Until recently, it seemed clear that heightened risk from covid-19 was a qualifying extraordinary and compelling reason. *See, e.g.*, *United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v. Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). Indeed, the government in this district ordinarily acknowledged this. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also Ransom* at 5 (noting the government's inconsistent approach). Some courts, including this one, also held it an extraordinary and compelling reason that a sentence was abnormally harsh or out of line with current standards. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

Now, though, the United States Court of Appeals for the Eleventh Circuit has cast doubt on these decisions. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the court held the Sentencing Guidelines' application note binding, contrary to the view of other circuits. And the court held binding on Mr. Bryant the catchall provision's requirement for a determination by the Bureau of Prisons.

The court did not address, because Mr. Bryant had not adequately briefed, the substantial question whether the Sentencing Commission, having been delegated by statute the authority to adopt policies on this issue, could in turn delegate that authority to the Bureau of Prisons. *See id.* at 1264 n.6. This left unclear the question whether, in any other case, the Commission's delegation of authority to the Bureau of Prisons would be held valid. But a later decision reached the same result without mentioning this delegation issue, which thus may no longer be open. *See United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021). The law of the Eleventh Circuit apparently would foreclose a ruling for Mr. Feliciano at this time.

Even so, the delegation issue is substantial—it drew a dissent in *Bryant* itself—and the Eleventh Circuit's position on whether the Director of the Bureau of Prisons controls the conditions allowing a § 3582(c)(1)(A)(i) sentence reduction, despite the First Step Act provision allowing a district court to reduce a sentence on the defendant's motion, is at odds with the position of every other circuit that has addressed the issue. *See, e.g.*, *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir.

2022); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020); *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021); *United States v. Long*, 997 F.3d 342 (D.C. Cir. 2021). Moreover, the government itself often took a contrary position in this district prior to *Bryant*. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3 (N.D. Fla. June 29, 2020); *see also United States v. Ransom*, No. 4:10-cr-54-RH at *5 (N.D. Fla. Sept. 21, 2020) (noting the government's inconsistent approach).

The circuit split may eventually lead to a Supreme Court ruling. And the Sentencing Commission may soon have a quorum and thus be able to consider an amendment that would conform the application note to the First Step Act and the view of other circuits. If it appeared that a change in the law on this issue might result in granting Mr. Feliciano's motion for a sentence reduction, the prudent course might be to stay consideration of the motion pending further developments. A stay is not warranted, though, because, as addressed below, the motion to reduce this sentence would be denied anyway.

## IV

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable. A sentence reduction under § 3582(c)(1)(A) is not constrained by the minimum mandatory. And now, unlike when the sentence was imposed, the covid risk is a factor in the analysis. Even so, a sentence of time served, or a greater sentence ending before the covid risk is likely to substantially subside, would not be sufficient to meet the § 3553(a) sentencing factors. Nor has Mr. Feliciano shown other extraordinary and compelling reasons for a sentence reduction. A reduced sentence could be said to be sufficient to meet the § 3553(a) factors only if the factors were reweighed de novo—an impermissible approach.

Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Feliciano's sentence should not be reduced at this time.

## V

Mr. Feliciano has moved separately to appoint an attorney. This motion is one of many that have raised similar issues. There is no realistic chance that appointment of an attorney at this time would affect the analysis or result. This order thus does not appoint an attorney.

VI

For these reasons,

IT IS ORDERED:

1. Mr. Feliciano's motion for a sentence reduction, ECF No. 221, is denied.

2. Mr. Feliciano's motion to appoint an attorney, ECF No. 222, is denied.

3. The clerk must provide copies of this order to Mr. Feliciano himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on June 9, 2022.

s/Robert L. Hinkle<br>United States District Judge