IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.     CASES NO. 5:13cr32-RH-EMT
         5:18cv143-RH-EMT

JACOB FELICIANO-FRANCISCO,

    Defendant.

_____/

**ORDER DENYING THE §60(b) MOTION**

The defendant has moved for relief under Federal Rule of Civil Procedure 60(b) for relief from a judgment denying his 18 U.S.C. § 2255 motion for relief from his conviction and sentence. This order denies the motion. The motion is probably untimely and, more importantly, is plainly unfounded on the merits.

A jury convicted the defendant on five counts. He was sentenced and appealed. The United States Court of Appeals for the Eleventh Circuit affirmed. The defendant moved for relief under § 2255. A report and recommendation concluded the motion should be denied. The order of August 10, 2021 accepted the recommendation, denied the § 2255 motion, and denied a certificate of appealability. The clerk entered judgment on August 11, 2021. The defendant filed

a notice of appeal but did not pay the filing fee or move for leave to proceed *in forma pauperis*. The Eleventh Circuit dismissed the appeal.

The defendant now has moved under Rule 60(b) for relief from the August 11, 2021 judgment. He also has filed other motions and has appealed from orders denying them, but those are not the subject of the 60(b) motion and are not addressed in this order.

In the original § 2255 motion, the defendant asserted that before trial, the government offered a plea agreement under which the sentence would be 10 years. The report and recommendation correctly said that under the decades-long practice in this district, the government never offers a plea agreement on the length of a sentence—that issue is always left to the sentencing judge.

Now, in the 60(b) motion, the defendant again asserts the government offered a 10-year sentence, and the defendant has filed emails in which the government's attorney reminded the defense attorney of the deadline by which a plea had to be entered if the defendant was to obtain a third point for acceptance of responsibility under United States Sentencing Guidelines Manual § 3E1.1(b). One of the emails transmitted to the defense attorney a proposed plea agreement and two alternative proposed supplements. The defendant has not filed the proposed plea agreement and supplements—he may not have copies of them.

Far from undermining the report and recommendation's description of this district's decades-long practice, the emails support that description. In this district, if there is a plea agreement, there is always a supplement. As I tell every defendant in every plea colloquy I preside over, the supplement indicates whether the defendant has agreed to cooperate with the government, and if so, it sets out the terms of the cooperation agreement. The plea agreement itself addresses any other subject. The supplement is always sealed, thus preventing the public docket from indicating whether the defendant has or has not agreed to cooperate with the government.

The email on which the defendant now relies shows that the government's attorney provided the defendant's attorney a single proposed plea agreement but two alternative proposed supplements. The email indicates no agreement had been reached—these were provided for the defendant's consideration. Under the district's standard practice, the plea agreement would not address the sentence. There was no need for alternatives, because the terms were nonnegotiable—the same, in substance, as offered in every case. The alternative supplements, in contrast, would have been one indicating the defendant would cooperate and the other indicating he would not. That there was only a single proposed plea agreement confirms that, consistent with the district's practice, it would make no difference in the terms of the plea agreement itself whether the defendant did or

Cases No. 5:13cr32-RH-EMT and 5:18cv143-RH-EMT

did not cooperate. But if, as the defendant asserts, the government had indeed been willing to agree on a sentence—in more than 26 years in this district, I have never seen it happen, not even once—there would necessarily have been two alternative proposed plea agreements, one for a cooperating defendant and one for a noncooperating defendant. This is so because it would plainly make a difference in the government's proposed sentence whether the defendant did or did not agree to cooperate.

The record today is the same as it was before the denial of the § 2255 motion in August 2021. The defendant says he was offered a 10-year plea agreement that his attorney did not tell him about. But the defendant has provided no support for the assertion, and it is contrary to the decades-long practice in this district. The § 2255 motion was properly denied. The defendant is not entitled to relief under Rule 60(b).

To obtain a certificate of appealability, a defendant must make a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). The defendant has not made the required showing.

IT IS ORDERED:

1. The defendant's motion for relief under Federal Rule of Civil Procedure 60(b), ECF No. 233, is denied.

2. A certificate of appealability is denied.

SO ORDERED on January 24, 2023.

s/Robert L. Hinkle
United States District Judge

3. A certificate of appealability is denied.